IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA RORRER, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| WENDY K. NICHOLAS, et al., | : | No. 19-cv-01398-GEKP |
| Respondent. | : | |

Richard A. Lloret　　　　　　　　　　　　　　　　　　　　　　　October 26, 2021
U.S. Magistrate Judge

## MEMORANDUM OPINION

Petitioner Patricia Rorrer seeks permission to conduct limited discovery in this matter in an effort to establish a gateway showing of actual innocence in order to overcome procedural bars that exist as a result of the untimely filing of her habeas petition in this court. Petitioner's Motion, Doc. No. 32 (Pet. Mot.) at 1. Specifically, Petitioner requests access to documents relating to the chain of custody of evidence from the Federal Bureau of Investigation (FBI) and the Pennsylvania State Police (PSP) regarding several hairs that were tested, some of which were found to match the Petitioner's DNA. *Id*. at 2. For the reasons set forth below, I will grant the limited discovery request.

I.  **FACTUAL AND PROCEDURAL HISTORY**

Patricia Rorrer was tried and convicted of two counts of first-degree murder and two counts of kidnapping in March 1998, in Lehigh County Court of Common Pleas, for the murder of Joanne Katrinak and her infant son. *See Commonwealth v. Rorrer*, CP-39-CR-0002176-1997 (C.C.P. Lehigh Cty.) Docket at pp. 6-10. Ms. Rorrer is serving two

life terms for the murder convictions, plus consecutive terms of ten to twenty years' imprisonment for the kidnapping of each victim. *See Commonwealth v. Rorrer*, CP-39-CR-0002176-1997 (C.C.P. Lehigh Cty.) Court Summary.

Ms. Rorrer has maintained her innocence throughout her direct appeal and multiple PCRA filings in state court over the two decades since her conviction and has specifically maintained that certain DNA evidence linking her to the victim's vehicle was mishandled by various law enforcement agencies, resulting in testimony by an expert at her trial that hair found in the victim's vehicle came from Ms. Rorrer.

Most recently, Ms. Rorrer filed a *pro se* habeas petition in this court on April 2, 2019. *Rorrer v. Nicholas* No. 19-cv-1398-GEKP (E.D. Pa. Apr. 2, 2019) ("Pet."). On May 29, 2019, I placed a stay and abeyance on the habeas filing to allow Ms. Rorrer to complete her state court appeals. Doc. No. 17. On June 6, 2019, I appointed the Federal Defender's Association to represent Ms. Rorrer. Doc. No. 19. The stay was lifted on January 13, 2021. Doc. No. 31. On March 15, 2021, Petitioner moved for limited discovery. Doc. No. 32. ("Pet. Mot.")

Petitioner seeks:

> access to all of the PSP [Pennsylvania State Police] records documenting the chain of custody for the seatback hairs,[1] and any photographs taken of hairs or the slides before they were sent to the FBI for re[te]sting (sic) in June 1996, as outlined in Ms. Nasir's declaration, to determine whether the mounted hairs sent to the FBI and later, to Orchid Cellmark, were the same hairs Mr. Jensen originally mounted for analysis in August 1995 or whether they were switched with her own exemplar hairs.

---

[1] Petitioner refers to the evidentiary hairs collected from the inside of victim Joanne Katrinak's vehicle using the appropriate shorthand of "seatback hairs," which relates to the location where they were recovered, specifically six hairs found on the driver's seatback of Ms. Katrinak's car. *See* Doc. No. 32 [Petitioner's Motion for Discovery] at p. 5.

2

Pet. Mot. at 30-31. Additionally, Petitioner requests that the Commonwealth be ordered to produce "documents, records, photographs, and reports relating to all DNA analysis conducted in Ms. Rorrer's case by both the FBI and PSP, as outlined in paragraph 19 of Ms. Nasir's declaration." *Id.* at 31.

Paragraph 19 of Huma Nasir's affidavit,[2] attached to Petitioner's motion, states that the following documents are necessary to make a determination of whether the chain of custody of the hairs that were tested and ultimately used at trial to establish guilt, identifies any mishandling of the evidence, such that exemplar hairs became labeled as evidentiary hairs:

A. Chain of Custody Records:

1. All Chain of custody records from PA State Police describing possession and storage of the 6 hairs collected by PA State Police starting from collection in 1994 until the end of trial in 1998;
2. All Chain of custody records from PA State Police describing possession and storage of known hairs collected from Patricia Rorrer;
3. All Chain of custody records from FBI lab describing possession and storage of the 6 hairs collected by PA State Police starting from testing in 1995 until the end of testing in 1997;
4. All Chain of custody records from FBI lab describing possession and storage of known hairs collected from Patricia Rorrer;

B. From PA State Police:

1. Any and all pictures of 6 unknown hairs collected by PA State Police in 1994;
2. Any and all pictures of envelopes containing 6 unknown hairs collected by PA State Police in 1994 and how they were originally labeled and stored;
3. Any and all notes taken to describe the 6 unknown hairs collected by PA State Police in 1994;
4. Any and all case files or police report records that describe the sample

---

[2] Ms. Nasir, MS-D, ABC, from HN Forensic Consulting LLC, has been hired as a Forensic DNA expert by Petitioner. Her affidavit and CV are contained in Petitioner's Appendix ("Pet. App'x") at pp. 2873-83, Doc. No. 32-3, pp. 277-87.

numbers and original labels to identify these 6 unknown hairs;
5. Any and all pictures of hairs collected from Patricia Rorrer in 1995;
6. Any and all pictures of envelopes containing hairs collected from Patricia Rorrer and how they were originally labeled and stored in 1995;
7. Any and all notes taken to describe the hairs collected from Patricia Rorrer in 1995;
8. Any and all case files or police report records that describe the sample numbers and original labels to identify hairs collected from Patricia Rorrer in 1995;

C. From Bethlehem Lab/Thomas Jensen:

1. All complete case files including bench notes and pictures related to any and all DNA collection or testing conducted by Bethlehem lab/Thomas Jensen;
2. All records and pictures of 6 unknown hairs and storage envelopes received, sorted and tested by Bethlehem lab/Thomas Jensen including all identifying sample numbers and labels used for the unknown hairs;
3. All records and pictures of Rorrer's known hairs and storage envelopes received, sorted and tested by Bethlehem lab/Thomas Jensen including all identifying sample numbers and labels used for these hairs;
4. All records of identifying sample numbers and labels for the 6 unknown hairs and the 14 known hairs from Patricia Rorrer;

D. From the FBI Lab:

1. All complete case files including bench notes and pictures related to any and all DNA collection or testing conducted by FBI lab;
2. All records and pictures of 6 unknown hairs (mounted and unmounted) and storage envelopes received, sorted and tested by FBI lab including all identifying sample numbers and labels used for the unknown hairs;
3. All records and pictures of Rorrer's known hairs and storage envelopes received, sorted and tested by FBI lab including all identifying sample numbers and labels used for these hairs;
4. All records of identifying sample numbers and labels for the 6 unknown hairs and the known hairs from Patricia Rorrer.

Vol III, Pet. App'x., pp. 2877-79.

Finally, paragraph 20 of Ms. Nasir's affidavit requests the following:

4

> In addition to the records requested above, current pictures and records of all outside containers and remaining hair evidence from the driver's side seat rest (hairs Q1-Q6) as well as the known hairs from Patricia Rorrer are needed to review which hairs were in fact tested and what remains for any further testing if needed.

*Id*. at p. 2879.

## II. DISCUSSION

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Rather, Rule 6 of the Rules Governing § 2254 Cases provides that a judge may, upon a showing of good cause, permit discovery." *In re Paladino*, 495 Fed. App'x. 213, 214 (3d Cir. 2012) (not precedential).

Ms. Rorrer alleges that the testimony from experts alleging the seatback hairs were a "match" to her own was the circumstantial evidence that convicted her in this case, and without it, the Commonwealth could not have convinced a jury that she was guilty of the kidnapping and murder of Joanne Katrinak and her infant child. Because she has never been given the complete set of documents that (1) record the chain of custody of the evidentiary hairs collected inside the victim's vehicle and at the site where the victims' bodies were found, and (2) record the chain of custody (or even the exact number) of the exemplar hairs that were taken from Ms. Rorrer on three separate dates during the investigation of the crime, Ms. Rorrer alleges that she is unable to establish that the hairs were either accidentally or purposefully switched, resulting in evidence that appeared to unequivocally establish Ms. Rorrer's presence inside the victim's vehicle. As proof that such a switch may have happened, Ms. Rorrer relies upon a

document obtained in a 2015 FOIA request, which suggests that the hairs collected from the vehicle did not contain roots, which would have precluded nuclear DNA testing.

The Commonwealth responds that the discovery request amounts to a fishing expedition and there is no good cause for further discovery with regard to the chain of custody and handling of the evidentiary hairs and the exemplar hairs. Response in Opposition to Motion for Discovery, Doc. No. 35 at p. 5. ("Com. Resp."). The Commonwealth contends that Petitioner has failed to show any new evidence but is instead using the motion to search for new evidence with which she might overcome the admitted procedural bar to her untimely petition. *Id.* at 5-6. The Commonwealth points out that the Pennsylvania Superior Court has already reviewed this case, after the so called "no-roots" report was found, and has ruled against the Petitioner. Com. Resp. at 10-11. The Commonwealth urges me to deny the motion because "Petitioner has been litigating her claim of the 'switched seatback hairs' since at least 2006," and thus, there is no new basis for the motion. *Id.* at 6. The record is consistent with this argument, as the FOIA request which uncovered the "no-root" document was made back in 2015. And there is no dispute that the state court denied Ms. Rorrer's PCRA claim after that document was discovered. However, at this stage, I am not constrained to determining if that decision is correct, as Ms. Rorrer seeks not a review of the state court's decision, but instead seeks additional discovery to establish a gateway claim of actual innocence, and I am thus bound only by Rule 6(a), not by AEDPA deference.

Rule 6(a) of the Rules Governing § 2254 Cases, adopted by Congress in 1976, provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the

6

exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

The Supreme Court has interpreted Rule 6(a) as establishing a duty on the court reviewing the habeas petition "to provide the necessary facilities and procedures for an adequate inquiry," in cases "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy v. Gramley*, 520 U.S. 899, 908 (1997) quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969). The Court noted in *Bracy* that, even in cases where "it would be an abuse of discretion not to permit any discovery, Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909.

"The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991).

A prior holding by the state court that discovery was not warranted is not governed by the standard applicable to claims made under 28 U.S.C. § 2254(d). A PCRA court's refusal to turn over evidence may, or may not, have been "contrary to or an unreasonable application of clearly established federal law," or that decision may or may not have been "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," but § 2254(d) applies only to substantive requests for habeas relief and not discovery requests. *Williams*, 637 F.3d at

211, n.14, citing *Fahy v. Horn*, 516 F.3d 169, 180 (3d Cir. 2008). "Application of §2254(d) to a habeas discovery request surely imposes an overly stringent burden, one that a petitioner is unlikely to meet." *Id*. Therefore, the fact that the state courts have rejected claims by Ms. Rorrer after her 2015 FOIA request was made is not relevant to my decision here.

The Commonwealth further contends that I should deny the requested discovery, because Petitioner has failed to show due diligence in obtaining these records, as she was able to find the so-called "no roots" report "with the filing of a simple FOIA request." Com. Resp. at 11. Having carefully reviewed the Petitioner's appendix, specifically the single page in question, Vol III, Pet. App'x., p. 2829, in conjunction with the other documents apparently provided in response to the FOIA request, however, I find that the fact that the Commonwealth responded to the FOIA request with some documents, is insufficient support for the Commonwealth's argument. Petitioner was provided with fragments of reports, and the particular page in question does not appear to be part of any of the other reports provided. Additionally, the Pennsylvania State Police Laboratory Report of December 22, 1995, appears to contain every other page, as if the original two-sided document was run through a copier which only duplicated one side. *See* Vol. III, Pet. App'x. pp. 2823-26. Therefore, the FOIA request did not produce a complete set of the reports of PSP, FBI, the Bethlehem Lab and the FBI Lab, such that a determination of the chain of custody of this critical evidence could be made. Petitioner makes this point in her reply. *See* Pet. Rep. at 4, describing efforts by agent Tammy O'Reilly on behalf of Ms. Rorrer to obtain additional records from the FBI, who advised that the agency had located 1,935 pages of records responsive to Ms. Rorrer's request, but would only agree to release 22 pages. In addition, I find that the affidavit of

8

Forensic Expert Huma Nasir provides additional information, new to Ms. Rorrer, that her review of the documents that were provided contains evidence that the handling of the hairs by the PSP and FBI labs, and the preparation of reports that did not completely describe the hairs in question as containing, or not containing roots, was negligent. *See* ¶ 13(c), Vol. III, Pet. App'x. p. 2876. This information supports the request for additional discovery.

Despite diligently *attempting* to obtain these documents, there has yet to be a complete response to Ms. Rorrer's prior requests. It is undisputed that Ms. Rorrer has maintained, in some form, the argument that she was never present in the victim's car, and thus evidence suggesting she was there—that is, hair containing her DNA—was somehow improperly labeled as having come from the car. Additionally, although not part of the discovery request itself, Petitioner has properly provided argument concerning the other evidence that she would attack in a habeas petition, if in fact a threshold determination of actual innocence may be established such that she may overcome the untimeliness of the petition. Such argument is properly considered at this stage in an effort "to outline the constitutional claims she intends to raise in an amended petition" should she succeed in establishing her actual innocence claim. *Id*. at 5. *See McQuiggan v. Perkins*, 569 U.S. 383, 392 where the Supreme Court held,

> a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."

*Id*., citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993). I have considered these additional arguments only for their intended purpose.

9

## II. CONCLUSION

I will grant the Petitioner's request for discovery, limited to the items outlined in the affidavit of Forensic Expert Huma Nasir and reproduced at pp. 3-4 above. In the accompanying order, I have set deadlines for the production of the requested documents, as well as a new schedule for briefing.

**BY THE COURT:**

*s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**