IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA RORRER,** | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| **WENDY K. NICHOLAS, et al.,** | : | No. 19-cv-01398-GEKP |
| Respondent. | : | |

### MEMORANDUM OPINION

In a Memorandum Opinion dated October 26, 2021 (the "Opinion") I ordered limited discovery as requested by the Petitioner. Doc. No. 39. Respondent has moved for reconsideration ("Motion"). Doc. No. 41. Petitioner filed a response opposing the Motion ("Response"). Doc. No. 42. I will deny the Motion because Respondent has not met the legal standard for relief.

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin,* 869 F. Supp. 320, 321 (E.D. Pa. 1994) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation omitted). A district court will only grant a party's motion for reconsideration in one of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration may not be used to give a litigant a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). A motion for reconsideration may only address "'factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through –

rightly or wrongly.'" *Jarzyna v. Home Properties, L.P.*, 185 F.Supp.3d 612, 622 (E.D. Pa. 2016) (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

I explained in the Opinion my reasons for granting the discovery request. Respondent does not argue any new evidence or intervening change in controlling law. For reasons explained in the Petitioner's Response to the motion for reconsideration, I conclude I did not get the controlling legal standard wrong in the Opinion. Nor did I overlook crucial facts or commit clear error. Nor does permitting limited discovery in this case cause a manifest injustice.

The Respondent simply disagrees with my Opinion and wants me to reverse myself. That is not a basis for granting a reconsideration motion, as the Response points out. Not surprisingly, I remain convinced the Opinion was correct.

One mark of good writing is to avoid repetition. I suppose a motion for reconsideration is one of those unfortunate instances when repeating oneself is nearly unavoidable. To keep the repetition to a minimum, I will deny the Motion for the reasons originally explained in the Opinion and convincingly reiterated in the Response. A separate order filed contemporaneously with this opinion sets forth the schedule for discovery.

**DATED: November 22, 2021.**

**BY THE COURT:**

*s/Richard A. Lloret*
**RICHARD A. LLORET
U.S. Magistrate Judge**

3